IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL HANSON  §<br>ROBERT BRIDGES, and §<br>DELLA LESALLE, §<br>    *Plaintiffs*, §<br>§<br>v. §<br>§<br>CS&P TECHNOLOGIES, §<br>MERCER VALVE CO., §<br>STANDARD INSTRUMENTS SERVS., INC., §<br>CETCO ENERGY SERVS. LLC; §<br>AIRGAS LLC, USA LLC CENTRAL, INC., §<br>CF INDUS., INC., AND §<br>CF INDUS. HOLDINGS, INC., §<br>    *Defendants*. § | CIVIL ACTION NO. 4:14-CV-00306 |

## **MEMORANDUM AND RECOMMENDATION**

This case has been referred to this magistrate judge for pre-trial management. (Dkt. 29) Four motions are currently before the court: defendant CF Industries' motion to dismiss for lack of personal jurisdiction, (Dkt. 14); plaintiffs Michael Hanson, Robert Bridges, and Delma LaSalle's motion for discovery, (Dkt. 26); plaintiffs' motion to remand, or, in the alternative, leave to amend, (Dkt. 33); and defendant Airgas USA's motion to transfer venue. (Dkt. 39). A hearing on these motions was held on April 29, 2014. For reasons explained below, the court recommends that plaintiffs' motion for remand be denied, their motion for leave to amend granted, and the case remanded *sua sponte*.

## **Background**

This is a personal injury lawsuit. (Dkt. 1). On December 18, 2013, Hanson, Bridges, and LaSalle filed this action in the 127th district court in Harris County. (Dkt. 1-1). Plaintiffs

allege negligence and products liability causes of action against defendants due to injuries they sustained from an explosion at a nitrogen plant in Donaldsonville, Louisiana. (Dkt. 1-1).

On February 7, 2014, defendant Airgas removed the action, claiming that plaintiffs had fraudulently joined non-diverse defendant CS&P Technologies. (Dkt. 1). On February 14, 2014, CF Industries moved to dismiss the case for lack of personal jurisdiction. (Dkt. 14). On March 3, 2014, plaintiffs moved to conduct jurisdictional discovery and for an extension to respond to CF's motion to dismiss. (Dkt. 26). On March 7, 2014, plaintiffs filed a motion to remand or, in the alternative, leave to amend the complaint and join another non-diverse defendant. (Dkt. 33). On March 18, 2014, Airgas moved to transfer venue to the Middle District of Louisiana. (Dkt. 39).

## Motion to Remand

We begin with plaintiffs' motion to remand, or, in the alternative, motion for leave to amend their complaint. While "there is no unyielding jurisdictional hierarchy . . . . [, c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter . . . ." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

Airgas removed the case on the basis of the fraudulent joinder doctrine. "Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). To succeed on a claim of fraudulent joinder, the removing party proves fraud by showing "'either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.'" *Id.* (citing *B., Inc. v. Miller*

2

*Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)).  The district court's standard of review in this inquiry mirrors that of a motion for summary judgment.  *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000).  "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder.'"  *Jernigan*, 989 F.2d at 815-16  (citing *B., Inc.*, 663 F.2d at 549).

Here, Airgas provides an affidavit and accompanying pictures, evidencing that, contrary to plaintiffs' allegations in their complaint, CS&P was not the manufacturer of the defective pump at issue in this case.  (*See* Dkt. 1-1).  Rather, Airgas provides evidence that two separate companies, ACD and Texas Southwest Cryogenics (TSC), manufactured the "warm" and "cold" ends of the pump. (Dkt. 1-1).  In its motion to remand, plaintiffs do not attach any evidence supporting their position that CS&P was properly joined.  Instead, they merely point back to the allegations in their complaint and claim that Airgas has not carried its burden in proving that removal was proper.  (*See* Dkt. 33).  Given plaintiffs' lack of evidence that CS&P manufactured the pump, the court finds CS&P was improperly joined and denies the motion for remand.  *See Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) ("[C]onsidering defendants' affidavits in light of the plaintiffs' lack of evidence, there is no reasonable basis" for concluding that liability could be imposed against the in-state defendants.).

## **Motion for Leave to Amend**

We now turn to plaintiffs' motion in the alternative, for leave to amend. (Dkt. 33). Plaintiffs seeks to add TSC, a Texas company whom Airgas has identified in its affidavit as one of the actual manufacturers of the pump at issue, as a defendant. (*See* Dkt. 1-1). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy

3

subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e); *see also Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 679-81 (5th Cir. 1999). Leave to amend is granted at the trial court's discretion, and the Federal Rules of Civil Procedure advises the courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a). Joinder of new parties is governed by Rule 20. FED. R. CIV. P. 20.

However, "the district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'" *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) *cert. denied*, 493 U.S. 851, (1989)). The Fifth Circuit counsels courts to consider the following in deciding whether to permit such a joinder: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *see also Moore*, 732 F.3d at 456.

Regarding the first factor, it appears that defeating federal jurisdiction is at least a motivating factor in Hanson's decision to file for leave to amend. After all, Hanson filed the motion shortly after removal as an alternative to its motion to remand, which raises the inference of forum-shopping. *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *see also, e.g.*, *W & L Ventures, Inc. v. East West Bank*, 2014 WL 1248151 at *3 (S.D. Tex. Mar. 27, 2014). Further, Hanson does not explain why he (1) failed to add TSC at the outset; and (2) does not seek to add ACD, the other pump manufacturer, at this time. *See, e.g.*, *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010). However, Hanson

4

could apparently state facially valid claims of negligence and product liability against TSC as one of the true pump manufacturers, weighing in favor of granting leave to amend. *See Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

Regarding the second factor, the court does not find Hanson's request dilatory. Hanson moved for leave to amend less than 30 days of removal. (*See* Dkts. 1, 33). *See, e.g., Lafourche Parish Water Dist. No. 1 v. Traylor Bros., Inc.*, 2009 WL 2175983 (E.D. La. July 21, 2009). Additionally, the court has yet to issue a scheduling order under Rule 16(f), and no significant activity beyond the preliminary pleading stage has yet occurred. *See Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012).

Regarding the remaining factors, Hanson would presumably be injured by having to pursue any proposed claims against TSC in a separate suit filed in state court. Further, such a result would undoubtedly be inefficient for all parties and the courts. *Hensgens*, 833 F.2d at 1182 ("[T]here is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources."). The court is aware that five other lawsuits are already pending in Louisiana state court near the site of the accident, and that the law firm representing Hanson also represents these Louisiana plaintiffs. (Counsels' statements at Apr. 29, 2014 hearing). Even so, it makes little sense to add to this inefficiency by requiring two Texas lawsuits instead of one.

On balance, given that (1) plaintiffs would state a facially valid claim against TSC, (2) their request was not dilatory, and (3) conducting parallel proceedings in this state would be inefficient, the court finds that granting leave to amend Hanson's complaint is appropriate.

## Conclusion

For these reasons, the court recommends that Hanson's motion for leave to join TSC as a defendant be GRANTED and the case remanded to the state district court from which it was removed. All other pending motions should be terminated for lack of subject matter jurisdiction.[1]


Signed at Houston, Texas on May 2, 2014.


Stephen Wm Smith
United States Magistrate Judge

---

[1] The court observes that, if this court did have jurisdiction over this case, Airgas's motion to transfer the case to the Middle District of Louisiana would be compelling, for many reasons: (1) the events in question transpired in Louisiana, (2) this court has no subpoena power over the many witnesses residing in Louisiana,(3) two of the three plaintiffs live near the Louisiana border and actually sought medical attention in Louisiana for months after the explosion in question.  (Dkt. 39; Def. Exs. 8-9, offered into evidence at Apr. 29, 2014 hearing; unrefuted statements made by Airgas's counsel at Apr. 29, 2014 hearing).  The main drawback is that there would still be parallel federal and state court proceedings in Louisiana. But given this court's lack of jurisdiction, this option is unavailable.